1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10  UNITED STATES OF AMERICA,

11              Plaintiff,

12       v.

13  ALAI POE TAUAI,

14              Defendant.

CASE NO. CR11-83-RAJ

DETENTION ORDER RE:
ALLEGATIONS OF VIOLATION
OF CONDITIONS OF
SUPERVISION

15

16        THIS MATTER comes on for an initial hearing on the Petition of the United States

17  Probation Office alleging that the defendant has violated the conditions of supervision.

18        The government appears through Assistant United States Attorney Katheryn
    Frierson.

19

    The defendant appears personally and represented by counsel, Meriam Schwartz.

20

    The U.S. Probation Office has filed (Dkt. 167, 168) a petition and supplemental

21  report alleging violations #4 through #8 of the terms and conditions of supervision
    (terms and conditions imposed by Judge Richard A. Jones, Dkt. 155). Judge James

22  L. Robart issued a warrant for the defendant's arrest, and the defendant has been
    advised of the allegation(s).

23

24

1  Magistrate Judge John L. Weinberg previously released the defendant on bond
   pending a revocation hearing concerning the petition on the first set of alleged
2  violations #1 through #3. Dkt. 157, 158, 162.

3  The Court schedules a hearing on the petition concerning all violations (1-8) to be
   held at the time and date below set forth before Judge Richard A. Jones:

4
        *Date of hearing: Friday, January 11, 2019*

5
        *Time of hearing: 9:30am*

6
   IT IS ORDERED that the defendant

7
   __ Be released on an appearance bond, subject to the terms and conditions set forth
8  thereon.

9  X Be detained because the defense did not overcome the rebuttable presumption
   that Mr. Tauai poses a serious risk of flight and potential for danger to the
10 community, and there is no condition or combination of conditions that would
   reasonably ensure community safety or Mr. Tauai's appearance for court, including
11 the upcoming revocation hearing. 18 U.S.C. Section 3143(a)(1).

12 The Court reviewed the allegations and considered the arguments and information
   presented during the detention hearing. The Court determined that the allegations
13 are serious and repetitive, indicating failure to report a change in residence, failure
   to report for drug testing, failure to follow instructions to report to the probation
14 office, failure to follow through with mental health treatment, and failure to follow
   through with drug treatment. The United States Probation Office reports that the
15 defendant's mental health treatment providers have terminated his treatment
   relationship with them because he has repeatedly failed to show up for
16 appointments.

17 The defendant has significant ties to the community because of his family who are
   supportive, and he also has a girl friend who is supportive – yet he does not appear
18 to be stable -- he is failing to obtain treatment for mental illness and he is failing to
   submit to drug testing. These are important terms of supervised release -- he is
19 allegedly failing to present himself to probation officers for court-imposed terms of
   supervision (Dkt. 168), does not appear for court hearings because the summons
20 was returned (Dkt. 166); nor is he safe to be in the community at this time because
   he allegedly is not complying with drug testing or mental health treatment
21 conditions (Dkt. 157, 168). The defendant apparently has a residence where he can
   stay with his family, yet the defendant has allegedly been away from that residence
22 and has not been forthcoming with the probation officers concerning his change of
   residence.

23 The defendant is to be delivered as ordered by the Court for further proceedings.
   The Court finds that no clear and convincing evidence was presented to support
24 release; thus the presumption of detention was not overcome.18 U.S.C. Section

1    3143(a)(1), CrR 32.1(a)(6), and CrR 46(d). However, the Court notes the defendant
     asserts that he has been working, and in the event that there are additional matters
2    or information that should be considered by the Court regarding defendant's
     detention status, the parties are free to make a motion for reconsideration of the
3    detention issue.

4          The clerks shall direct copies of this order to counsel for the United States, to counsel for

5    the defendant, the United States Marshal and to the United States Probation Office and/or

6    Pretrial Services Office.

7          Dated this 24 day of December, 2018.

8

9                                             Theresa L. Fricke
                                              United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24